**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CHAPARRAL TEXAS, L.P., | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-06-2468 |
| W. DALE MORRIS, INC., *et al.,* | § § § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

The plaintiff, Chaparral Texas, L.P., obtained a judgment of $10,709.85 on its breach of contract claim against the defendants, W. Dale Morris, Inc. and Paul R. Galloway, Jr. A second claim for $150,000 in damages was dismissed on summary judgment. Chaparral applied for attorneys' fees and costs of court, seeking $116,989 in fees for 420.9 hours of work that it contended were reasonably expended on its successful claim and $1,967.26 in costs. On February 23, 2009, this court awarded the costs but reduced the number of hours for which Chaparral could properly claim fees from 420.9 to 273.5 and ordered Chaparral to recalculate the amount of fees based on the reduction in hours.

Chaparral filed a submission that recalculated the fee amount at $76,131. In that submission, Chaparral also asked this court to reconsider its reduction of the hours awarded. Chaparral argued that this court mischaracterized the amount that remained in controversy after the parties' October 26, 2007 damage stipulation. Chaparral also contended that this court's reduction in the post-October 26, 2007 hours did not properly account for the amount of work required to prepare for docket call and to complete supplemental briefing on the summary judgment motions. (Docket

Entry No. 73). The defendants responded that the reduction in hours was appropriate. (Docket Entry No. 74). As discussed below, Chaparral's arguments merit a slight adjustment to this court's prior order, yielding a total fee award of $82,535.

Chaparral's first argument—that this court mischaracterized the amount in controversy after October 26, 2007—provides the basis for adjustment. Chaparral clarified that after the stipulation, both parties agreed that Chaparral was owed damages in the amount of $10,709.85. The defendants, however, contended that these stipulated damages would be offset by $16,710.96 in other damages that the defendants claimed. If the defendants prevailed on their claim, then Chaparral's stipulated $10,709.85 recovery would be offset completely and Chaparral would owe an additional $6,001.11. (Docket Entry No. 73 at 1–2). The total amount in controversy was $16,710.96, not the lower amount referred to in the order.

Chaparral's second argument—that this court did not properly account for the time required to prepare for docket call and brief the supplemental motion for summary judgment—does not provide a basis for adjustment. This court took into account that Chaparral was required to prepare for docket call, including "drafting a memorandum of authorities, motions in limine, proposed voir dire, and jury charge, and assembling trial exhibits and witness lists." (Docket Entry No. 72 at 34). Although Chaparral is correct that this work required a certain "minimum irreducible effort," (Docket Entry No. 73 at 3), the 74.7 hours[1] that Chaparral sought far exceeds this "irreducible minimum," particularly on a claim that turned on contract interpretation and involved at most $16,710.96.

---

[1] This figure includes 61.4 hours claimed for preparing the joint pretrial order and 13.3 hours claimed for preparing for and attending the docket call conference before this court. (Docket Entry No. 72 at 34).

This court took into account the additional time the parties were required to spend on the supplemental briefing to the motions for summary judgment. Chaparral billed 51.8 hours for a ten-page motion and four-page reply that discussed a single contract clause. (Docket Entry No. 72 at 35). Chaparral is correct that the judgment in its favor avoided the need for greater trial expense. (Docket Entry No. 73 at 3). But the amount of time is nonetheless excessive. "[R]equested fees must bear a 'reasonable relationship to the amount in controversy.'" *See Mid-Continent Cas. Co. v. Chevron Pipe Co.*, 205 F.3d 222, 234 (5th Cir. 2000) (quoting *Giles v. Cardenas*, 697 S.W.2d 422, 429 (Tex. App.–San Antonio 1985, writ ref'd n.r.e.)). The $16,710.96 in controversy was dwarfed by the $57,347 that Chaparral claimed in fees after October 26, 2007, during which docket call preparation and the supplemental briefing were the primary activities.

The revised amount in controversy provides some basis for adjusting the percentage decrease in hours after October 26, 2007 that this court assigned in its prior order. The adjustment, however, is not substantial. Even the revised amount was far outstripped by the $57,347 Chaparral's attorneys billed after the stipulation and the total of $116,989 that Chaparral's attorneys billed pursuing the claim. Chaparral's arguments about the work required to prepare for docket call and provide supplemental summary judgment briefing do not provide a basis for further adjustment. The reduction for the period after October 26, 2007 is adjusted from 50% to 40%. This court's prior order otherwise stands.

Chaparral is awarded attorneys' fees in the amount of $82,535.

SIGNED on June 23, 2009, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge